NIEMEYER, Circuit Judge,
dissenting:
A review of the record in this case discloses only a few isolated incidents occurring “because of’ Mosby-Grant’s sex, as regulated by 42 U.S.C. § 2000e-(2)(a)(1). As such, they are not severe and pervasive, as required to establish liability. See Harris v. Forklift Sys., Inc., 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); Hartsell v. Duplex Prods., Inc., 123 F.3d 766 (4th Cir.1997); Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745 (4th Cir.1996).
Moreover, of these isolated incidents, only three or four were brought to the attention of Lieutenant Margaret Kline, the director of the Academy. See Howard v. Winter, 446 F.3d 559, 565 (4th Cir.2006) (An employer is liable for a coworker’s sexual harassment only if it knew or should have known of the harassment and failed to take effective remedial action). For instance, Lt. Kline was told that on occasion, Mosby-Grant’s classmates commented about the physical appearance and anatomy of women passing by or visiting the academy. She was told that on a particular occasion, classmates complained that women who are the victims of domestic violence “cry this or that” and then return to the man who beat them. And she was told that a male instructor had called a male recruit “pussy.”
The only incident brought to Lt. Kline’s attention which involved conduct directed at Mosby-Grant because of her sex occurred at a meeting where classmates claimed that Mosby-Grant violated the dress code because she wore different pants (ones that fit) and wore her hair in a ponytail. They also made fun of her eyelashes. The conduct at this meeting was hardly severe and occurred on only one occasion.
In sum, the aggregation of incidents that may arguably be considered as a violation of 42 U.S.C. § 2000e-(2)(a)(1) present a work place environment far less severe and pervasive than those addressed in Hartsell and Hopkins, where we ruled against the complaining plaintiffs on the ground that the incidents were too isolated and too few to be severe and pervasive. In this case, I would likewise rule against Mosby-Grant for the same reasons. Because I would affirm the judgment of the district court, I respectfully dissent.